**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| IN RE | ) | CHAPTER 7 |
|  | ) |  |
| **TRADE AM INTERNATIONAL, INC.**, | ) | CASE NO. **13-62588-MGD** |
|  | ) |  |
| DEBTOR. | ) |  |

**MOTION TO DESIGNATE DEBTOR REPRESENTATIVE
AND COMPEL COMPLIANCE WITH STATUTES,
RULES, AND COURT ORDER**

COMES NOW Guy G. Gebhardt, Acting United States Trustee for Region 21, and moves the Court to enter an order pursuant to Federal Rule of Bankruptcy Procedure 9001(5) designating one or more individuals to act on behalf of the debtor and directing them to comply with Bankruptcy Code sections 343, 521, and 542, Federal Rules of Bankruptcy Procedure 1007, 1008, 2003, and 4002, and the Order for Relief in Involuntary Case (Doc. No. 35). In support of this motion, the United States Trustee states as follows.

**Course of Proceeding**

1.

On June 6, 2013, this case was commenced by the filing an involuntary petition for relief against Trade Am International, Inc. ("the Debtor").

2.

On August 6, 2013, the Court entered an Order for Relief in Involuntary Case (Doc. No. 35) (the "Order").  Among other things, the Order directs the Debtor to comply with Rules 1007(a)(2), (b)(1), and (c) of the Federal Rules of Bankruptcy Procedure by filing the requisite documents.

3.

On August 7, 2013, the United States Trustee filed notice of appointment of S. Gregory Hays as interim trustee and scheduled the section 341(a) meeting of creditors September 4, 2013(Doc. No. 37).

4.

On August 29, 2013, several parties filed notice of their intention to elect a trustee at the section 341 meeting (Doc. No. 41).

5.

No one appeared on behalf of the Debtor at the section 341 meeting.

6.

The United States Trustee was unable to convene the section 341 meeting or conduct the requested election because the Debtor has not filed a list of creditors, as required by Federal Rule of Bankruptcy Procedure 1007(a)(2) and as ordered by the Court.  Accordingly, the Debtor's creditors, other than those involved in the filing of the involuntary petition, have not received notice of the commencement of the case and

notice of the section 341 meeting and have not had an opportunity to file a proof of claim and otherwise qualify to vote for a candidate for trustee.

7.

The administration of this case has been severely hampered by the Debtor's failure to fulfill its duties under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure and failure to obey a lawful order of this Court.

**Debtor's Duties**

8.

Pursuant Federal Rule of Bankruptcy Procedure 1007(a)(2), the Debtor was required to file a list of entities to be included on schedules D, E, F, G, and H within seven days after entry of the Order.   The Debtor has not filed the required list.

9.

Pursuant to Rules 1007(b)(1) and (c) and 1008, the Debtor was required to file verified schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and a statement of financial affairs within 14 days after entry of the Order.   The Debtor has not filed the required schedules and statements.

10.

Pursuant to Bankruptcy Code section 343 and Federal Rule of Bankruptcy Procedure 2003(a), the Debtor was required to appear and submit to examination under oath at the section 341(a) meeting. The Debtor failed to appear for examination.

11.

The Debtor is required to cooperate with the trustee as necessary to enable the trustee to perform his duties.   11 U.S.C. § 521(a)(3). The Debtor has failed to cooperate with the trustee.

12.

The debtor is required to surrender to the trustee any recorded information related to property of the estate.   11 U.S.C. § 521(a)(4).   The Debtor has filed to surrender recorded information to the trustee.

13.

Pursuant to Bankruptcy Code section 542, the Debtor is required to deliver to the trustee, and account for, property of the estate.   The Debtor has not delivered property of the estate to the trustee.

14.

Pursuant to Federal Rule of Bankruptcy Procedure 4002(a)(3), the Debtor is required to inform the trustee immediately in writing as to the location of real property in which the Debtor has an interest and the name and address of every person holding money or property subject to the Debtor's withdrawal or order if a schedule of property has not yet been filed pursuant to Rule 1007.   The Debtor has not provided this information to the trustee.

15.

Pursuant to Federal Rule of Bankruptcy Procedure 4002(a)(4), the Debtor must cooperate with the trustee in the preparation of an inventory, the examination of proofs of claim, and the administration of the estate. The Debtor has failed to cooperate with the trustee.

**Relief Requested**

16.

Federal Rule of Bankruptcy Procedure 9001(4) provides that when an act is required to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person, if the debtor is a corporation the Court may designate any of all of the company's officers, members of its board of directors, controlling stockholder, or any other person in control.

17.

The United States Trustee requests the Court enter an order designating one or more individuals to perform the Debtor's duties and directing the Debtor, by and through the designated individual(s) to perform its duties by a date certain.

    GUY G. GEBARDT
    Acting United States Trustee, Region 21

    *s/ Jeneane Treace*
    R. Jeneane Treace
    Georgia Bar No. 716620
    United States Department of Justice
    Office of the United States Trustee
    362 Richard Russell Building

                                                      75 Spring Street, S.W.
                                                     Atlanta, Georgia 30303
                                                              (404) 331-4437
                                                 jeneane.treace@usdoj.gov

## CERTIFICATE OF SERVICE

       I hereby certify that on September 9, 2013, I served a copy of this motion by First Class United States Mail upon the following persons:

Matthew R. Brooks
Troutman Sanders LLP
Suite 5200
600 Peachtree Street
Atlanta, GA 30308

Andrew N. Capezzuto
Greenberg Traurig, LLP
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, GA 30305

Wayne M. Greenwald
26th Floor
475 Park Avenue
New York, NY 10016

William R. Joiner
Mitchell and Shapiro LLP
One Securities Center - Suite 650
3490 Piedmont Road
Atlanta, GA 30305

Michael J. King
Greenberg Traurig, LLP
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, GA 30305

John M. McGovern
McGovern Law Firm
7000 Miller Court East
Norcross, GA 30071

G. Frank Nason, IV
Lamberth, Cifelli, Stokes Ellis & Nason
Ste 550
3343 Peachtree Rd., NE
Atlanta, GA 30326

William Russell Patterson
Ragsdale Beals Seigler Patterson & Gray
2400 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1629

Christopher D. Phillips
Lamberth, Cifelli, Stokes, Ellis & Nason
Suite 550
3343 Peachtree Road, NE
Atlanta, GA 30326-1022

William L. Rothschild
Ogier, Rothschild & Rosenfeld, PC
170 Mitchell Street, S.W.
Atlanta, GA 30303-3424

Lydia J. Sartain
Stewart Melvin & Frost, LLP
P O Box 3280
Gainesville, GA 30503

J. Douglas Stewart
Stewart, Melvin & Frost
6th Flr - Hunt Tower - 200 Main St
PO Box 3280
Gainesville, GA 30503

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

Trade AM International, Inc.
3579 Castlegate Drive, NW
Atlanta, GA 30327

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 200
3343 Peachtree Road, NE
Atlanta, GA 30326-1420

                                                       *s/ Jeneane Treace*
                                                       R. Jeneane Treace