IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-62588-MGD |
| | ) | |
| TRADE AM INTERNATIONAL, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S SECOND STATUS REPORT**

S. Gregory Hays ("Trustee"), the Chapter 7 Trustee for the bankruptcy estate of Trade Am International, Inc. ("Debtor") files this *Trustee's Second Status Report* (the "Report") to update the Court on his efforts to prepare the Debtor's schedules and statement of financial affairs pursuant to this Court's *Order Designating Person Responsible for Preparing Creditor List, Schedules, and Statements* [Docket No. 58] (the "Designation Order"), entered on October 10, 2013 directing the Trustee to prepare the Debtor's list of creditors, bankruptcy schedules, and statement of financial affairs.

1. On June 6, 2013 (the "Petition Date"), certain creditors of Debtor commenced the above-captioned bankruptcy case (the "Case") by the filing of an involuntary Chapter 7 petition for relief against the Debtor.

2. On August 6, 2013, the Court entered an Order for Relief in the Case [Docket No. 35] (the "Order"). Among other things, the Order directed the Debtor to comply with Rules 1007(a)(2), (b)(1), and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by filing the requisite documents.

3. On August 7, 2013, the United States Trustee filed a notice of appointment of Trustee as interim trustee in the Case, and scheduled the Debtor's Section 341(a) meeting of creditors (the "341 Meeting") on September 4, 2013 [Docket No. 37].

6287695v2

4. On August 29, 2013, several parties filed notice of their intention to elect a trustee at the 341 Meeting [Docket No. 41].

5. No one appeared on behalf of the Debtor at the 341 Meeting.

6. The United States Trustee was unable to convene the 341 Meeting or conduct the requested election because the Debtor has not filed a list of creditors, as required by Rule 1007(a)(2) of the Bankruptcy Rules and as ordered by the Court. Accordingly, the Debtor's creditors, other than those which were involved in filing the involuntary petition in this Case, have not received notice of the commencement of the Case or the 341 Meeting, and have not had an opportunity to file a proof of claim and otherwise qualify to vote for a candidate for a permanent trustee.

7. The administration of this Case has been severely hampered by the Debtor's failure to fulfill its duties under the Bankruptcy Code and the Bankruptcy Rules, and the Debtor's failure to obey an order of this Court. The Debtor has not had any employees since 2010, and the Debtor's only current officer is Eddie Palmer.

8. On October 10, 2013, the Court entered the Designation Order, which designated Trustee as the responsible person to file Debtor's list of creditors, schedules, and statements of financial affairs. The Designation Order also authorized the Trustee to employ his accountants to assist in preparing the Debtor's schedules and statement of financial affairs.

9. Prior to the Petition Date, and for approximately three years, the business records and computers of the Debtor were stored at the residence of the former President of the Debtor, Mr. Ajay Loiwal ("Loiwal"). Loiwal is currently the principal of an alleged secured creditor of Debtor, Jupiter IL, LLC ("Jupiter"). Due to the difficultly in scheduling the inspection and

2

6287695v2

review of the Debtor's electronic records, the Trustee moved the accounting servers and some of the Debtor's most recent business records from Loiwal's residence to the Trustee's offices.

10. The Trustee has completed the majority of the work that is necessary to prepare the Debtor's schedules and statement of financial affairs, but is still waiting on additional information from Loiwal. The Trustee compiled a list of international creditors with the assistance of Loiwal but still needs to review additional records of the Debtor to obtain the addresses of several of those creditors from past purchase orders. The severe weather in Atlanta in January and February 2014, along with Loiwal's busy travel schedule has further delayed this process.

11. The Trustee has reviewed the transcript from the IRS to identify any possible tax claims. The Debtor has not filed tax returns since 2007, and the Trustee will need to file both state and federal tax returns for years 2008, 2009, 2010, 2011, 2012, and 2013 (the "Tax Returns"). Filing the Tax Returns will take considerable effort by the Trustee's Accountants. However, the Tax Returns must be completed before the Trustee can make any distribution to Debtor's creditors.

12. After review of the tax transcript and financials of the Debtor, the Trustee anticipates a tax obligation to the bankruptcy estate of at least $114,620 for Alternative Minimum Taxable Income ("AMT") resulting from the receipt of $5.7 million in insurance proceeds in 2013 (the "Insurance Proceeds"). Contemporaneous with filing this Report, the Trustee is also filing a motion seeking authorization from this Court[1] to use a portion of the Insurance Proceeds in order to pay this tax claim in order to minimize and potentially avoid the

---

[1] Jupiter and Deutsche Bank AG Cayman Islands Brach ("Deutsche") assert that the Insurance Proceeds constitute cash collateral. *See* Docket Nos. 33, 61, and 69. The Trustee is currently in the process of investigating the extent, validity, and priority of Jupiter's and Deutsche's asserted liens in the Insurance Proceeds. However, the Trustee is currently awaiting the receipt of documents from Jupiter and Deutsche.

6287695v2

accrual of penalties and interest on that tax claim. The preliminary and estimated calculation of the AMT tax is attached to that motion as an exhibit.

13. The Trustee continues to work to verify information to finalize the Debtor's schedules and statement of financial affairs, and has sent Rule 2004 document production requests to several parties in interest as well as letters to former law firms of the Debtor waiving the attorney client privilege and requesting the turnover of documents.

14. The Trustee is still awaiting document production from several parties in interest and plans to obtain these documents (in some cases through a subpoena) before completing the Debtor's schedules and statement of financial affairs. The Trustee anticipates filing the Debtor's schedules and statement of financial affairs in April 2014.

Respectfully submitted,

ARNALL GOLDEN GREGORY, LLP

By: /s/ *Sean C. Kulka*
Seam C. Kulka, Ga. Bar No. 648919
171 17th Street, N.W.
Suite 2100
Atlanta, GA 30363-1031
Phone: (404) 873-8500
Fax: (404) 873-8501
neil.gordon@agg.com

*Attorneys for Chapter 7 Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following parties with a true and correct copy of the foregoing *Trustee's Second Status Report* by depositing same in the United States Mail, postage prepaid, addressed to:

R. Jeneane Treace
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting
Suite 200
3343 Peachtree Street, NE
Atlanta, Georgia 30325-1420

Deutsche Bank AG Cayman Islands Branch
c/o John D. Elrod
Greenberg Traurig, LLP
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305

Deutsche Bank AG Cayman Islands Branch
c/o Andrew N. Capezzuto
Greenberg Traurig, LLP
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305

Trade AM International, Inc.
3579 Castlegate Drive, NW
Atlanta, Georgia 30327

William L. Rothschild
Ogier, Rothschild & Rosenfeld, PC
170 Mitchell Street, SW
Atlanta, Georgia 30303-4000

John M. McGovern
McGovern Law Firm
7000 Miller Court East
Norcross, Georgia 30071

AmericasMart Real Estate, LLC
c/o Neal G. Patton, Esq.
240 Peachtree St., NW Suite 2200
Atlanta, Georgia 30303

Emdee International, Inc.
c/o Deepa Dharamup
3595 Clearview Pkwy.
Atlanta, Georgia 30340

IHE, Inc.
c/o Sharad Mittel
2522 Bentley Ridge Drive
San Jose, California 95138

Tianjin Longxing (Group) Ltd.
c/o Po Chu
33-00 Northern Boulevard
Long Island, New York 11101

6287695v2

LIT/Hodges Industrial Trust
c/o Matthew R. Brooks
Troutman Sanders LLP
Bank of America Plaza
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308-2216

Wayne M. Greenwald
26th Floor 475 Park Avenue
New York, NY 10016

Deutsche Bank AG Cayman Islands Branch
c/o Michael J. King
Greenberg Traurig, LLP
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305

William R. Joiner
Mitchell and Shapiro, LLP
One Securities Center – Suite 650
3490 Piedmont Road
Atlanta, GA 30305

Lydia J. Sartain
Stewart Melvin & Frost, LLP
Post Office Box 3280
Gainesville, GA  30503

J. Douglas Stewart
Stewart Melvin & Frost, LLP
Post Office Box 3280
Gainesville, GA  30503

G. Frank Nason, IV
Lamberth, Cifelli, Stokes, Ellis, & Nason
Suite 550
3343 Peachtree Road, NE
Atlanta, GA 30326

Christopher D. Phillips
Lamberth, Cifelli, Stokes, Ellis, & Nason
Suite 550
3343 Peachtree Road, NE
Atlanta, GA 30326

William Russell Patterson
Ragsdale, Beals, Seigler, Patterson, & Gray
2400  International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1629

Edwin K. Palmer
P.O. Box 1284
Decatur, GA 30031

This 5th day of March, 2014.

/s/ Sean C. Kulka
Sean c. Kulka

6

6287695v2