IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-62588-MGD |
| | ) | |
| TRADE AM INTERNATIONAL, INC., | ) | CHAPTER 7 |
| | ) | |
|     Debtor. | ) | |
| | ) | |

**MOTION FOR ENTRY OF ORDER ESTABLISHING BAR DATE FOR FILING MOTIONS SEEKING AUTHORIZATION OF ADMINISTRATIVE EXPENSE CLAIMS**

S. Gregory Hays, Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of Trade Am International, Inc. ("Debtor"), by and through his undersigned counsel, hereby files this *Motion for Entry of Order Establishing Bar Date for Filing Motions Seeking Authorization of Administrative Expense Claims* (the "Motion") to establish a bar date for creditors to file motions seeking allowance and payment of administrative expenses. In support of the Motion, the Trustee shows as follows:

**Background**

1. On June 6, 2013, (the "Petition Date"), certain creditors of Debtor, filed an involuntary Chapter 7 petition against the Debtor, commencing (Case No. 13-62588-MGD) (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Georgia (Atlanta Division) (the "Bankruptcy Court").

2. On August 7, 2013, an order for relief was entered against the Debtor [Docket No. 35] in the Bankruptcy Case.

3. On August 7, 2013, the United States Trustee filed a notice of appointment, appointing Trustee as the interim trustee in the Bankruptcy Case and scheduled the Section 341(a) meeting of creditors for September 4, 2013 [Docket No. 37].

4. On August 29, 2013, several parties filed notice of their intention to elect a trustee at the Section 341 meeting [Docket No. 41]; however, no one appeared on behalf of the Debtor at the initially scheduled Section 341 meeting.

5. On October 21, 2014, a meeting of creditors pursuant to Section 341(a) of the Bankruptcy Code was finally held in the Bankruptcy Case (the "341 Meeting"), and after the 341 Meeting the Trustee became the permanent trustee in the Bankruptcy Case and is the duly authorized representative of the Estate.

6. Since his appointment, the Trustee has, among other things, (i) filed the Debtor's schedules and statement of financial affairs on behalf of the Debtor, (ii) conducted extensive discovery, including filing numerous Rule 2004 Motions, reviewing thousands of documents, and conducting an examination of Debtor's former CFO, (iii) filed and prosecuted Adversary Proceeding No. 14-05282 (the "Adversary Proceeding") asserting various claims against multiple defendants, including a claim for equitable subordination of the secured claim of Debtor's senior secured creditor, Jupiter IL, LLC ("Jupiter") and the transfer of Jupiter's lien to the Estate, as well as claims for fraudulent transfer, breach of fiduciary duty, conspiracy, legal malpractice, and for a declaratory judgment, (iv) participated in a mediation of the issues raised in the Adversary Proceeding, and (v) negotiated and obtained Court approval of a settlement agreement of Trustee's claims in the Adversary Proceeding, resulting in the recovery of cash and a first priority lien carve-out in certain insurance proceeds in favor of the Estate providing a total benefit to the Estate of approximately $1.95 million (the "Settlement").

7. The Trustee would like to proceed with claim objections and the close-out of this Bankruptcy Case as soon as feasible.

8. The deadlines for creditors that are non-governmental units to file proofs of claim was January 20, 2015, and for governmental units was March 23, 2015 [Docket No. 128], and both of those deadlines have expired.

9. The Trustee believes that there will be funds available to make a distribution to Chapter 7 administrative claimants, priority claimants, and unsecured non-priority claimants. However, in order to properly administer this Bankruptcy Case and access those distributions, the Trustee needs to understand what administrative expense claims (other than administrative expense claims by the Trustee and his professionals), if any, exist.

### Relief Requested

10. By this Motion, the Trustee seeks entry of an order pursuant to 11 U.S.C. §§ 105(a) and 503(b) establishing July 31, 2015 (the "Bar Date") as the last day by which creditors must file a motion, seeking allowance and payment of administrative expenses (those expenses of a kind specified in Section 503 of the Bankruptcy Code and entitled to priority under Section 507(a)(1) of the Bankruptcy Code), **but excluding** (a) administrative expense claims previously allowed or denied by order of the Court; and (b) administrative expense claims that are held by the Trustee and professionals retained by the Trustee in accordance with the Bankruptcy Code (the "Subject Administrative Expense Claims").

### Basis for Requested Relief

11. Section 105(a) of the Bankruptcy Code authorizes this Court to enter "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

12. Because the Debtor ceased operating years prior to the Petition Date, the Debtor does not have any viable Chapter 5 claims, other than the claims that the Trustee asserted in the Adversary Proceeding and resolved through the Settlement. The Trustee has liquidated

3

substantially all of the Debtor's unencumbered assets, approximately $1.95 million in proceeds from the Adversary Proceeding and a carve-out of Jupiter's first priority lien in favor of the Estate. The Trustee anticipates that administration of this Estate will be complete after the administrative claims are determined and claim objections are finalized.

13. Establishing a bar date for filing motions seeking allowance and payment of the Subject Administrative Expense Claims will facilitate the orderly and efficient administration of the Estate and will enable the Trustee to determine, more accurately, the amount of funds available for distribution to Chapter 7 administrative claimants, priority claimants, and non-priority unsecured claimants.

WHEREFORE, the Trustee respectfully requests that the Court: (a) grant the Motion; (b) enter an Order and Notice substantially in the form of the Order and Notice attached to this Motion as **Exhibit A** establishing July 31, 2015, as the deadline for entities to file a motion seeking the allowance and payment of administrative expense claims; and (c) grant the Trustee such further and other relief as is deemed just and proper.

Respectfully submitted this 15th day of June, 2015.

ARNALL GOLDEN GREGORY LLP

*/s/ Sean C. Kulka*
Sean C. Kulka
(Georgia Bar No. 648919)
Arnall Golden Gregory LLP
171 17th Street NW, Suite 2100
Atlanta, GA 30363
Phone: 404.873.8682
Fax:  404.873.8683
sean.kulka@agg.com

*Counsel to S. Gregory Hays, Chapter 7 Trustee*

4

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served a true and correct copy of the foregoing **MOTION FOR ENTRY OF ORDER ESTABLISHING BAR DATE FOR FILING MOTIONS SEEKING AUTHORIZATION OF ADMINISTRATIVE EXPENSE CLAIMS** by first class mail, postage prepaid, in a properly addressed envelope, upon the parties listed below:

Office of the United States Trustee
362 Richard B. Russell Bldg.
75 Spring Street, SW
Atlanta, GA 30303


This _____th day of June, 2015.


                                                   /s/ Sean C. Kulka_____
                                                 Sean C. Kulka

# EXHIBIT A

# PROPOSED ORDER AND NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 13-62588-MGD |
| | ) | |
| TRADE AM INTERNATIONAL, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER AND NOTICE OF BAR DATE FOR FILING**
**ADMINISTRATIVE EXPENSE CLAIMS**

S. Gregory Hays, Chapter 7 Trustee ("Trustee"), the duly qualified and acting Chapter 7 Trustee in the above-captioned bankruptcy case (the "Bankruptcy Case"), filed a *Motion for Entry of Order Establishing Bar Date for Filing Motions Seeking Authorization of Administrative Expense Claims* [Doc. No. _____ ] (the "Motion").[1]  Regardless of this Order and Notice, **if you have previously filed a proof of claim in the Bankruptcy Case, YOU DO NOT NEED TO FILE ANOTHER PROOF OF CLAIM.**

---

[1] Any defined term that is not defined in this Order and Notice shall have the meaning ascribed to it in the Motion.

7

Upon consideration of the representations in the Motion and the facts and circumstances and the entire record in this Bankruptcy Case, it is appropriate that a bar order issue with respect to the filing of motions seeking the payment of a claim for administrative expenses, as defined in 11 U.S.C. § 503 against the Debtor, **excluding (a) administrative expense claims previously allowed or denied by order of the Court; and/or (b) administrative expense claims held by the Trustee or duly appointed Chapter 7 professionals retained by the Trustee in accordance with the Bankruptcy Code** (the "Subject Administrative Expense Claims"). Accordingly, it is hereby

ORDERED that **July 31, 2015 by 5:00 p.m. (Eastern)** (the "Bar Date"), is hereby established as the last date for filing motions seeking allowance of a Subject Administrative Expense Claims. **THIS IS A BAR DATE;** it is further

ORDERED that any creditor or party-in-interest seeking allowance of a Subject Administrative Expense Claim must file a motion seeking allowance of such claim with the Clerk of the Bankruptcy Court on or before the Bar Date and must serve such motion upon counsel for the Trustee, Attention: Sean C. Kulka, at Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, Georgia 30363-1031; it is further

ORDERED that the Trustee and professionals retained by the Trustee in accordance with the Bankruptcy Code **are not required** to file a motion seeking allowance of administrative expense claims incurred in connection with their employment in this Bankruptcy Case by the Bar Date; it is further

ORDERED that any creditor or party-in-interest that has been previously awarded or denied an administrative expense claim in this Bankruptcy Case **shall not be required to** file a motion by the Bar Date; it is further

8

ORDERED AND NOTICE IS HEREBY GIVEN that, pursuant to the terms and conditions of this Order and Notice, any creditor or party-in-interest required to file a motion for payment of a Subject Administrative Expense Claim who fails to do so by the Bar Date **shall be forever barred, estopped, and enjoined from asserting such claim or expense against the Debtor, the Estate, and the property of the Estate, and the Estate shall be forever discharged from any and all indebtedness, liability or obligation with respect to such claim or expense**.

The address for the Clerk of the Bankruptcy Court is as follows:

>Clerk, United States Bankruptcy Court
>1340 Richard B. Russell Building
>75 Spring Street, SW
>Atlanta, Georgia 30303

It is further

ORDERED that counsel for the Trustee shall, within three (3) business days after entry of this Order and Notice, serve a copy of this Order and Notice upon all known creditors and parties-in-interest and shall file a certificate evidencing the manner and method of service.

[END OF DOCUMENT]

PREPARED AND PRESENTED BY:

ARNALL GOLDEN GREGORY LLP

By: /s/ Sean C. Kulka
       Sean C. Kulka, Esq.
       Georgia Bar No. 648919
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363-1031
(404) 873-8682
sean.kulka@agg.com

**Identification of parties to be served pursuant to BLR 9013-3, N.D.Ga.:**

Sean C. Kulka, Esq., Arnall Golden Gregory LLP, 171 17th Street, NW, Suite 2100, Atlanta, GA 30363-1031

Office of United States Trustee, 362 Richard B. Russell Building, 75 Spring Street, SW, Atlanta, GA 30303